IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SCOTT V. OSTROWSKI, )
)
      Plaintiff, )
)
-vs- )   Civil Action No. 07-1414
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL )
SECURITY )
)
      Defendant. )

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

## SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 10 and 16). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 11 and 17). After careful consideration of the submissions of the parties, and for the reasons discussed below, Defendant's Motion (Docket No. 16) is granted and Plaintiff's Motion (Docket No. 10) is denied.

## I. BACKGROUND

Plaintiff has brought this action under 42 U.S.C. § 405(g), for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act, 42 U.S.C. §§ 401-433 and Social Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f.

On April 5, 2005, plaintiff protectively filed the instant application for DIB and SSI alleging disability since July 13, 2005, due to multiple sclerosis ("MS"). (R. 55-60, 70, 315-319). Plaintiff's claims were denied initially and upon reconsideration. (R. 24-34, 309-314). Plaintiff

requested a hearing. (R. 35). Administrative Law Judge George A. Mills III ("ALJ") held a hearing on February 27, 2007, at which time plaintiff, who was represented by counsel, and a vocational expert testified. (R. 328-371). On April 18, 2007, the ALJ denied plaintiff's claim for benefits finding that the plaintiff is not disabled under the Act. (R. 12-23). The Appeals Council denied plaintiff's request for review. (R. 5-9, 320-27). After thus exhausting her administrative remedies, plaintiff filed the instant action.

The parties have filed cross-motions for summary judgment. The plaintiff raises three main issues on appeal. First, he claims that the prior ruling was not supported by substantial evidence because the ALJ did not give proper weight to the reports of her treating physicians who documented that plaintiff is unable to perform any substantial gainful activity. Second, he argues that the ALJ's credibility determinations were improper. Third, he contends that the hypothetical question posed to the Vocational Expert ("VE") was deficient because it did not accurately portray plaintiff's limitations.

## II. LEGAL ANALYSIS

A. Standard of Review

The standard of review in a social security case is whether substantial evidence exists in the record to support the Commissioner's opinion. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Additionally, if the Commissioner's findings of fact are supported by substantial evidence, they must be accepted as conclusive. 42 U.S.C. 405 (g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). In making this determination, the district court considers and reviews only those findings

upon which the ALJ based the decision, and cannot rectify errors, omissions or gaps therein by supplying additional facts from its own independent analysis of portions of the record which were not mentioned or discussed by the ALJ. Fargnoli v. Massarini, 247 F.3d 34, 44 n.7 (3d Cir. 2001).

To demonstrate disability and eligibility for social security benefits under the Act, the plaintiff must demonstrate an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423 (d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986). When resolving the issue of whether a claimant is disabled and whether a claimant is entitled to DBI benefits, the ALJ applies a five step analysis. 20 C.F.R. § 404.1520 (a).

The ALJ must determine: (1) whether the claimant is currently engaging in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment whether it meets or equals the criteria listed in 20 C.F.R. pt. 404. subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. In all but the final step, the burden of proof is on the claimant. Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993); 42 U.S.C. §§ 416(1), 423(d)(1)(A).

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

B. The Weight Given to Treating Physicians

Ostrowski first argues that the prior decision is not supported by substantial evidence because the ALJ did not give controlling weight to his treating physicians' opinions. The Commissioner's position is that ALJ carefully considered the medical opinions of Plaintiff's treating physicians, weighed them against the other evidence, and articulated legally sufficient reasons as to why they were not entitled to controlling weight. Having thoroughly reviewed the record, I agree with the Commissioner.

"A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Morales v. Apfel, 225 F.3d 422, 429 (3d. Cir. 1999), quoting, Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). However, for controlling weight to be given to the opinion of a treating physician that opinion must be "well supported by medically acceptable clinical and laboratory diagnostic techniques and [ ] not inconsistent with other substantial evidence." 20 C.F.R. §§404.1527 (d)(2), 416.972 (d)(2). There are several factors that the ALJ may consider when determining what weight to give the opinion of the treating physician. 20 C.F.R. §404.1527, 416.927 (d)(2). They include the examining relationship, treating relationship, supportability, consistency, specialization, and other factors. 20 C.F.R. §404.1527 (d), 416.927 (d). Therefore, a treating physician is not entitled to controlling weight in every instance.

The record contradicts the opinions of disability by Drs. Romang, Rolak, and Conley . As indicated in the record, Plaintiff's symptoms were muscle weakness in his left arm, decreased sensation in his left side, and limited mobility in his left shoulder. (136-137, 168-170, 201-202, 204-205, 215-218, 243-245, 251-253, 256-258, 302-303). On July 14, 2005, Dr. Seybold noted

4

that despite these symptoms, plaintiff retained his passive range of motion, showed no obvious asymmetry or atrophy, had intact dorsiflexion and intrinsic strength in the hand, and intact biceps. (R. 137). On August 8, 2005, Dr. Passini noted that plaintiff's motor strength was full, he had no drift, and his tone was normal. (R. 170). In July and August 2005, Dr. Romang noted that plaintiff retained the full range of motion in his left shoulder; had satisfactory alignment of the cervical, thoracic, lumbar, and sacral spine; and unrestricted cervical range of motion. (R. 202, 207, 217). Normal gait, 5/5 muscle strength, and the ability to perform rapid alternating movements was reported in September 2005 and January 2006 by Dr. Rolak. (R. 244). The records of Romang, Rolak, and Conley did not suggest specific functional limitations and in fact, indicated that plaintiff retained mainly normal strength and range of motion. (R. 195-225, 242-63, 301-303).

The first disabling functional limitations were recorded by Drs. Romang, Rolak, and Conley in their disability or capacity reports. (R. 264-87, 305-308). It is well settled that "standing alone...a physical capacities evaluation form is not substantial evidence." Green v. Schweiker, 749 F.2d 1066, 1071 n.7 (3d Cir. 1984). However, if these forms are supported by thorough written reports, they may be used to determine work capabilities. Green, 749 F.2d at 1071. As was stated above, no specific disabling limitations were explained or supported by the medical records kept by the doctors and the disability and capacity forms alone were not enough to support the information contained within them. (R. 195-225, 242-63, 301-303).

Furthermore, plaintiff himself reported that he believed his MS "might be in remission", "not as severe", and "inactive". (R. 347). This is supported by the fact that plaintiff only received seven months of consecutive treatment between July 2005 and January 2006. (R. 301-303). For the nine months following that period, he had no medical treatment whatsoever. (R. 301-

5

303). He then had minimal treatment near the end of 2006. (R. 301-303). Additionally, he chose not to immediately implement the treatment plan suggested by Dr. Rolak because of "a number of problems with his wife's shift schedule, his disability, and the children at home." (R. 252). Plaintiff's statements and actions suggest that he was not suffering disabling functional limitations.

The ALJ's finding that plaintiff is not disabled is clearly supported by substantial evidence. The medical and non-medical evidence of record does not support Drs. Romang, Conley, and Rolak's assessments that plaintiff was disabled.

C. Assessment of Plaintiff's Credibility

Plaintiff contends that the ALJ credibility determination was in error for two reasons: 1) plaintiff's work absences and decision to file for benefits did not stem from motivational issues; and 2) plaintiff's pain and need for medication was supported by uncontradicted medical evidence. The ALJ indicated several reasons why he believed that plaintiff's statements about his pain and symptoms were not entirely credible. (R. 16-21).

A plaintiff's subjective opinion about his own disability is entitled to credence if it is supported by the medical record. 42 U.S.C. §§ 423 (d)(5)(A), 1382c (a)(3)(H)(I). See Taybron v. Harris, 667 F.2d 412, 415 n.5 (3d Cir. 1981). It is the responsibility of the ALJ to determine the credibility of a plaintiff's statements about his or her own disability. Dobrolowsky 606 F.2d at 409). In fact, the ALJ is required to make findings on credibility. See Kephart v. Richardson, 505 F.2d 1089 (3d Cir. 1974).

Plaintiff argues that his inability to work and decision to file for SSI and DIB did not stem from any lack of motivation and that his disability was supported by the medical record. However, in his own testimony and paperwork, plaintiff admitted that he is capable of driving,

6

shopping, cooking meals, and performing household chores. (R. 110-114, 334, 357). He also reported that he cares his three year old son several days a week, helps care for his other children, and plays with his children. (R. 110-114, 334, 357). In addition, he is still able to go fishing and visit with neighbors and friends of the family on a daily basis. (R. 110-114, 334, 357).

Additionally, as discussed above, the opinions of plaintiff's treating physicians regarding his disability were not supported by the record. (R. 195-225, 242-63, 301-303). The state agency physicians, Baumblatt and Khorshidi, concluded that plaintiff could perform a reduced range of light work. (R. 226-41). This is coupled with the fact that plaintiff himself testified that his MS was in "remission" and "not as severe", and "inactive". (R. 347).

As a result, the ALJ made an appropriate credibility determination regarding the plaintiff's statements. His determinations were supported by substantial evidence in the record.

D. The Hypothetical Question to the VE

Plaintiff's final argument is related to the first two. He claims that the hypothetical posed to the ALJ was defective because it did not include plaintiff's complaints of pain and the opinions of plaintiff's treating physicians.

For the reasons set forth above, the ALJ correctly discounted the conclusions reached by plaintiff's treating physicians and plaintiff's statements. The large majority of the evidence of record fails to support the conclusion that plaintiff is disabled and cannot perform light and sedentary jobs. Therefore, the fact that plaintiff's complaints and the opinions of his treating physicians were not included one of the ALJ's hypotheticals does not render it defective.

## III. CONCLUSION

In conclusion, based of the evidence of the record and the briefs filed in support thereof, I find that the ALJ properly analyzed the evidence and that substantial evidence existed to support the ALJ's conclusion that plaintiff is not disabled within the meaning of the Social Security Act. As a result, the decision of the ALJ denying DIB and SSI to plaintiff will be affirmed.

*******************************

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT V. OSTROWSKI, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Civil Action No. 07-1414 ) |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY | ) ) ) ) ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this 30th day of June, 2008, it is Ordered that Defendant's Motion for Summary Judgment (Docket No. 16) is GRANTED. Plaintiff's Motion for Summary Judgment (Docket No. 10) is DENIED. Judgment is entered in favor of Defendant and against Plaintiff. This case is closed forthwith.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose,
Chief U.S. District Judge